# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY and KANSAS
UNIVERSITY PHYSICIANS, INC.,

*Plaintiffs,*

vs.

Case No. 12-2625-EFM

THE BOARD OF COUNTY
COMMISSIONERS FOR BROWN
COUNTY, KANSAS and THE
KICKAPOO TRIBE IN KANSAS,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiffs University of Kansas Hospital Authority ("UKHA") and Kansas University Physicians, Inc. ("KUPI") bring this Motion to Remand their suit against The Board of County Commissioners for Brown County, Kansas ("Brown County"). Brown County removed the suit under 28 U.S.C. §§ 1331 and 1441(a), claiming that Plaintiffs' use of "Constitutional" in their Third Amended Petition signified that Plaintiffs' claims included questions arising under federal law. Plaintiffs now move to remand the suit because the action is based on state law, and also request payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal. Because the action does not arise under federal law, the Court finds the suit was improperly removed and, therefore, grants Plaintiffs' Motion to Remand. Additionally, Brown

County lacked an objectively reasonable basis for removal, so the Court awards to Plaintiffs just costs and actual expenses resulting from the improper removal.

## I. Factual and Procedural Background

Officer Jeff Bare of the Kickapoo Tribal Police ("Tribal Police") pursued Matthew Radford along K-20 for driving erratically on September 28, 2008. During the pursuit, Mr. Radford collided with another vehicle, and was partially thrown from the vehicle and knocked unconscious. Brown County assumed control of the scene, and Officer Bare requested the assistance of emergency responders, who transported Mr. Radford to Horton Community Hospital. Due to the severity of Mr. Radford's injuries, Horton Community Hospital transported him via helicopter to UKHA. UKHA administered treatment from September 28, 2008, to December 15, 2008, as well as follow up care on December 30, 2008. Plaintiffs seek payment for treatment administered on these dates from Brown County, the Tribe, or both pursuant to Kan. Stat. Ann. § 22-4612(a).[1]

In their Third Amended Petition, Plaintiffs stated that "Brown County, the Tribe, or both of them, violated their statutory, Constitutional, and legal duties by failing to pay for medical treatment given to a person in their custody."[2] Plaintiffs filed and served the Third Amended Petition on August 24, 2012. Brown County filed a Notice of Removal on September 21, 2012, based on the above-quoted language from Paragraph 54 of Plaintiffs' Third Amended Petition.[3] Brown County claims the capitalization of the word "Constitutional" means that Plaintiffs' claim

---

[1] This statute provides that law enforcement agencies are liable to pay medical bills for care rendered to persons in their custody.

[2] Pl.'s Third Am. Pet. (Exhibit 1), Doc. 1-1, at ¶ 54.

[3] Because the Court is deciding the issue on the merits of subject matter jurisdiction, it need not address any procedural defects regarding the Tribe's timely consent to removal.

arises under the U.S. Constitution in accordance with 28 U.S.C. § 1331. Plaintiffs subsequently filed this Motion to Remand, asserting that their claims do not arise under the U.S. Constitution and requesting that the Court award them the costs and expenses resulting from Brown County's removal.

## II. Legal Standard

State court actions that could have originally been filed in federal court are removable.[4] The court shall remand the action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5] Federal courts are courts of limited jurisdiction, and must have a statutory or constitutional basis to exercise jurisdiction over the subject matter of a suit.[6] The party invoking federal court jurisdiction bears the burden of showing federal subject matter jurisdiction.[7] If any doubts about removal exist, they must be resolved in favor of a remand.[8]

The federal court has jurisdiction over matters brought in diversity or matters arising under the Constitution, laws, or treaties of the United States. Two conditions must be satisfied for federal question jurisdiction under 28 U.S.C. § 1331: "the plaintiff's cause of action must be either (1) created by federal law, or (2) if it is a state-created cause of action, 'its resolution must

---

[4] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[5] 28 U.S.C. § 1447(c).

[6] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448–49 (1850).

[7] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)).

[8] *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1216 (D. Kan. 2011) (citing *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982)).

necessarily turn on a substantial question of federal law.'"[9] The U.S. Supreme Court has focused on causes of action "that 'really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law.'"[10]

In this case, Brown County claims that Plaintiffs' use of the word "Constitutional" in the Third Amended Petition means that the action arises under the U.S. Constitution. To determine whether a complaint "arises under" federal law, courts use the well-pleaded complaint rule. A well-pleaded complaint "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[11] Federal question jurisdiction cannot be invoked by raising a federal issue as a defense.[12]

### III. Analysis

#### A. "Arising Under" Federal Question Jurisdiction

As the party invoking this Court's jurisdiction, Brown County bears the burden of establishing subject matter jurisdiction.[13] Brown County alleges that this Court has federal question jurisdiction over Plaintiffs' claims because, at one point in their Third Amended Complaint, Plaintiffs' capitalized the word "Constitutional." In response, Plaintiffs claim they rely solely on two state statutes as grounds for recovery. One statute provides that law enforcement agencies are liable to pay medical bills for care rendered to persons in their

---

[9] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quoting *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)).

[10] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912) (internal brackets omitted)).

[11] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[12] *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[13] *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

custody,[14] and the other establishes that such payment comes from the county general fund.[15] At no point in their Third Amended Petition do Plaintiffs include a citation to the U.S. Constitution or any amendments.

Reviewing the parties' pleadings, the Court can find no federal question on the face of Plaintiffs' complaint. Capitalizing the adjective form of "constitution" does not necessarily invoke the U.S. Constitution. Regarding "constitution," the Bluebook states, "[c]apitalize when naming any constitution in full or when referring to the U.S. Constitution, but do not capitalize the adjective form 'constitutional.'"[16] Thus, in Plaintiffs' Third Amended Complaint, "Constitutional" modifies the word "duties" and is being used as an adjective, thereby providing further evidence of a mistake not meant to claim recovery under the U.S. Constitution. Because the capitalization of the word "constitutional" is grammatically incorrect, the lack of any additional references to federal law in the complaint means the capitalization was almost certainly an error. Therefore, the capitalization of "constitutional," standing alone, does not cause the case to arise under federal law.

Furthermore, there is also no substantial question of federal law; therefore the case does not satisfy either condition of 28 U.S.C. § 1331. Brown County contends that "[t]he phrase 'Constitutional . . . duties' necessarily includes the U.S. Constitution" and therefore supports federal question jurisdiction removal.[17] But Brown County, unsurprisingly, does not offer any substantive support for the absurd argument that the mere use of the word "constitutional"

---

[14] Kan. Stat. Ann. § 22-4612(a).

[15] *Id.* § 19-4444(b)(2).

[16] The Bluebook: A Uniform System of Citation R. 8(c)(ii), at 85 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

[17] Def.'s Resp. to Mot. to Remand, Doc. 10, at 5.

necessarily refers to both a state and federal constitution. In this case, Kansas law wholly governs Plaintiffs' claim for payment of medical treatment. Nothing aside from a capital "C" supports Brown County's argument that the Plaintiffs seek relief provided in federal law.

For the foregoing reasons, the Court concludes that the claims in Plaintiffs' state court complaint are based on state law alone and do not arise under the Constitution as provided in 28 U.S.C. § 1331. The Court must therefore remand the case back to state court.

**B.    Payment of Just Costs and Actual Expenses**

In their Motion to Remand, Plaintiffs request that the Court order payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. Although the Court has remanded the case to state court, "[p]ursuant to 28 U.S.C. § 1447(c), the Court retains jurisdiction over the question of costs and actual expenses."[18] To avoid payment, Brown County must have an objectively reasonable basis for removal.[19] Plaintiffs' Third Amended Petition explicitly seeks recovery under two Kansas statutes. As previously stated, the capitalization of "Constitutional" appears to have been a mistake. The Petition does not otherwise mention the U.S. Constitution or any amendments. Basing removal on an isolated paragraph seems to be an attempt to prolong litigation which is not objectively reasonable. Arguing that the typography of a single word in a twelve-page complaint constitutes the invocation of federal question jurisdiction wastes the time and resources of the parties and the Court. Plaintiffs did not reference "Constitutional" or the Constitution anywhere else in the complaint. They explicitly cited state statutes as their grounds for recovery. Brown County's lack of additional support for

---

[18]   *TIC-The Indus. Co. v. Liberty Mut. Ins. Co.*, 2009 WL 1796071, at *9 (D. Colo. June 23, 2009).

[19]   *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Porter Trust & Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).

removal hardly qualifies as objectively reasonable. Thus, the Court concludes Brown County had no objectively reasonable basis for removal. Under 28 U.S.C. § 1447(c), Plaintiffs are therefore entitled to just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. Plaintiffs shall have fourteen days from the date this Order is filed to file a statement of fees. Brown County shall subsequently have fourteen days to respond.

**IT IS ACCORDINGLY ORDERED** this 19th day of June, 2013, that the Plaintiffs University of Kansas Hospital Authority and Kansas University Physicians, Inc.'s Motion to Remand (Doc. 5) is hereby **GRANTED**. The Court will, however, retain jurisdiction for the limited purpose of awarding fees for the unreasonable removal.

**IT IS FURTHER ORDERED** that Plaintiffs University of Kansas Hospital Authority and Kansas University Physicians, Inc. shall file a statement of their costs and expenses, including fees, incurred as a result of this unreasonable removal, on or before July 3, 2013. Brown County may file a response to Plaintiffs' statement on or before July 17, 2013.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE